IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MERLITA AGBANNAOAG; JERRY AGBANNAOAG, | ) ) ) | Civ. No. 16-00394 HG-RLP |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING DEFENDANTS OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S REQUEST FOR THE COURT TO TAKE JUDICIAL NOTICE (ECF No. 8-2)**

**and**

**GRANTING DEFENDANTS OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION TO DISMISS (ECF No. 8)**

Plaintiffs Merlita Agbannaoag and Jerry Agbannaoag have filed a Complaint against Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company.

Plaintiffs claim that they executed an Adjustable Rate Note in favor of AmeriFund Financial, Inc. to obtain a Loan to purchase real property on the island of Maui. The Loan was secured by a Mortgage, which was recorded against the real

1

property.   Plaintiffs claim that the Note and Mortgage were assigned to Defendant Deutsche Bank National Trust Company[1] and that Defendant Ocwen Loan Servicing, LLC is the servicer.

Plaintiffs' Complaint alleges claims against both Defendants.

Count I is alleged against both Defendants for breach of implied covenant of good faith and fair dealing.

Count II is missing from the Complaint.  The Complaint skips paragraphs 68-74.  The Prayer for Relief in Plaintiffs' Complaint states that Count II is alleged against both Defendants for tortious breach of good faith and fair dealing.

Count III is alleged against both Defendants for unfair and deceptive acts or practices.

No additional Counts are alleged in the Complaint.  The Complaint skips paragraphs 88-99.  The Prayer for Relief in Plaintiffs' Complaint states that Count IV is alleged against both Defendants for tortious interference with a business relationship and that Count V is for violations of the Fair Debt Collection Practices Act.

---

[1] The proper title of Defendant is Defendant Deutsche Bank National Trust Company as Trustee of the Indymac INDX Mortgage Loan Trust 2005-AR6, Mortgage Pass-Through Certificates, Series 2005-AR6 Under the Pooling and Servicing Agreement dated March 1, 2005, as set forth in the Assignment of Mortgage attached as Ex. B to Defendants' Request for Judicial Notice at p. 44, ECF No. 8-4.

Defendants filed a Motion to Dismiss all claims pursuant to Federal Rule of Civil Procedure 8, 9, and 12(b)(6).

Defendants have also filed a Request for the Court to Take Judicial Notice in Support of their Motion to Dismiss.

Defendants' Request for the Court to Take Judicial Notice (ECF No. 8-2) is **GRANTED.**

Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED.** Plaintiffs are permitted **LEAVE TO FILE A MOTION TO AMEND** their Complaint consistent with this Order.

## PROCEDURAL HISTORY

On May 24, 2016, Plaintiffs Merlita Agbannaoag and Jerry Agbannaoag filed a Complaint in the Circuit Court of the Second Circuit, State of Hawaii.  (Complaint attached as Ex. 1 to Defendants' Notice of Removal, ECF No. 1).

On July 14, 2016, Defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company removed the state court action to the United States District Court for the District of Hawaii.  (ECF No. 1).

On July 20, 2016, Defendants filed a MOTION TO DISMISS and a REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT.  (ECF Nos. 8, 8-2).

On July 28, 2016, the Court issued a briefing schedule. (ECF No. 10).  Plaintiffs' Opposition was due on or before August 17, 2016.  (Id.)

Plaintiffs did not file their Opposition on or before August 17, 2016.

On September 2, 2016, Plaintiffs filed PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE A MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, claiming excusable neglect.  (ECF No. 12).

On September 6, 2016, the Court issued a Minute Order granting Plaintiffs' Request to file their Opposition.  (ECF No. 13).  The Court also provided Defendants with additional time to file their Reply.  (Id.)

On September 16, 2016, Plaintiffs filed their MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT.  (ECF No. 16).  The Opposition consisted of two and a half pages.  The contents were limited to an argument that Hawaii state procedural law applied rather than the Federal Rules of Civil Procedure.  (Id.)

On September 30, 2016, Defendants filed DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT.  (ECF No. 17).

On October 17, 2016, a hearing was held on Defendants' Motion to Dismiss.

## BACKGROUND

The Complaint states that on February 1, 2005, Plaintiffs Merlita and Jerry Agbannaoag ("Plaintiffs") executed an Adjustable Rate Note in the amount of $395,000 to AmeriFund Financial, Inc. to purchase real property on the island of Maui. (Complaint at ¶ 3, ECF No. 1; see Adjustable Rate Note dated February 1, 2005, attached as Ex. B to Defendants' Request for Judicial Notice at pp. 14-18, ECF No. 8-4).

The Complaint asserts that repayment of the Note was secured by a Mortgage, which was recorded against the real property purchased by Plaintiffs. (Complaint at ¶¶ 3, 42, ECF No. 1; Mortgage attached to Plaintiff's Complaint, recorded in the State of Hawaii Bureau of Conveyances on February 10, 2005, Doc. No. 2005-027341, at pp. 31-44, ECF No. 1).

Plaintiffs allege that the Note and Mortgage were assigned to Defendant Deutsche Bank National Trust Company ("Defendant Deutsche Bank"). (Complaint at ¶¶ 4, 43, ECF No. 1; Assignment of Mortgage, attached as Ex. B to Defendants' Request for Judicial notice at p. 45, ECF No. 8-4). Plaintiffs assert that Defendant Ocwen Loan Servicing, LLC ("Defendant Ocwen Loan Servicing") is the servicer of their Loan and is responsible for

collecting payments and applying the payments to their debt.
(Complaint at ¶¶ 5, 18, 42, ECF No. 1).

Plaintiffs assert that both Defendants engaged in bad faith,
unfair and deceptive practices, interfered with business
relationships, and violated the Fair Debt Collection Practices
Act by failing to fulfill their obligations to the Plaintiffs,
failing to correct errors in their account, failing to respond to
written requests, charging interest off inaccurate principal
balances, charging fraudulent fees, and failing to properly
oversee and manage the servicing of their loan. (Id. at ¶¶ 53,
56, 59, 62, 86).

Plaintiffs allege that Defendants instructed Plaintiffs "to
default in order to qualify for a loan modification and then
failed to mitigate damages and offered an unaffordable loan
modification with payments higher than the original payment
causing them to charge excessive late fees and penalties,
interest on a higher principal amount, inspection fees when
services were never rendered, and legal fees and costs." (Id. at
¶¶ 67, 78, 101).

**STANDARD OF REVIEW**

The Court must dismiss a complaint as a matter of law
pursuant to Federal Rule of Civil Procedure 12(b)(6) where it
fails "to state a claim upon which relief can be granted." Rule
(8)(a)(2) of the Federal Rules of Civil Procedure requires "a

short and plain statement of the claim showing that the pleader
is entitled to relief."  When considering a Rule 12(b)(6) motion
to dismiss, the Court must presume all allegations of material
fact to be true and draw all reasonable inferences in favor of
the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th
Cir. 1998).  Conclusory allegations of law and unwarranted
inferences are insufficient to defeat a motion to dismiss.  Id.
at 699.  The Court need not accept as true allegations that
contradict matters properly subject to judicial notice or
allegations contradicting the exhibits attached to the complaint.
Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th
Cir. 2001).

     In Bell Atl. Corp. v. Twombly, the United States Supreme
Court addressed the pleading standards under the Federal Rules of
Civil Procedure in the anti-trust context.  550 U.S. 544 (2007).
The Supreme Court stated that Rule 8 of the Federal Rules of
Civil Procedure "requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action," and
that "[f]actual allegations must be enough to raise a right to
relief above the speculative level."  Id. at 555.

     Most recently, in Ashcroft v. Iqbal, the Supreme Court
clarified that the principles announced in Twombly are applicable
in all civil cases.  129 S.Ct. 1937 (2009).  The Court stated
that "the pleading standard Rule 8 announces does not require

7

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cnty of

<u>Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

### I.    DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (ECF No. 8-2)

The Court may consider exhibits attached to the Complaint and documents whose contents are incorporated by reference in the Complaint without converting a motion to dismiss to a motion for summary judgment.  <u>Davis v. HSBC Bank Nevada, N.A.</u>, 691 F.3d 1152, 1160 (9th Cir. 2012).

Here, the Court will consider the Mortgage attached as Ex. 1 to Plaintiffs' Complaint.  (ECF No. 1 at pp. 31-46).

The Court may also consider matters that are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001); <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).  Federal Rule of Evidence 201 allows a court to take judicial notice of public documents.  <u>Barber v. Ohana Military Communities, LLC</u>, 2014 WL 3529766, *4 (D. Haw. July 15, 2014).

Defendants' Request for Judicial Notice seeks judicial notice of publicly available Court records from the United States Bankruptcy Court of Hawaii in Case Nos. 11-02518 and 12-01401 that involve the Plaintiffs and Defendant Deutsche Bank.

The Court grants the Defendants' Motion to consider the following documents pertaining to Plaintiff Jerry Agbannaoag:

(1)   Chapter 7 Voluntary Petition filed by Plaintiff Jerry Agbannaoag dated September 22, 2011, in the United States Bankruptcy Court of Hawaii, Case No. 11-02518, attached as Ex. A (ECF No. 8-3);

(2)   Motion for Relief from Stay filed by Defendant Deutsche Bank National Trust Company dated December 16, 2011, in the United States Bankruptcy Court of Hawaii, Case No. 11-02518, attached as Ex. B (ECF No. 8-4);

(3)   Order Granting Relief from Stay dated January 5, 2012, in the United States Bankruptcy Court of Hawaii, Case No. 11-02518, attached as Ex. C (ECF No. 8-5); and

(4)   Discharge of Debtor for Plaintiff Jerry Agbannaoag dated April 18, 2012, in the United States Bankruptcy Court of Hawaii, Case No. 11-02518, attached as Ex. D (ECF No. 8-6).

The Court will also consider the following documents pertaining to Plaintiff Merlita Agbannaoag:

(5)   Chapter 7 Voluntary Petition filed by Merlita Agbannaoag dated July 5, 2012, in the United States Bankruptcy Court of Hawaii, Case No. 12-01401, attached as Ex. E (ECF No. 8-7); and

(6)   Discharge of Debtor for Plaintiff Merlita Agbannaoag dated October 11, 2012, in the United States Bankruptcy Court of Hawaii, Case No. 12-01401, attached as Ex. F (ECF No. 8-8).

It is well established that federal courts may take judicial notice of related court orders and proceedings in deciding a Motion to Dismiss. ScripsAmerica, Inc. v. Ironridge Global LLC, 56 F.Supp.3d 1121, 1136 (C.D. Cal. 2014) (citing United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007)).

10

Defendants' Request for Judicial Notice (ECF No. 8-2) is

**GRANTED**.

**II.   DEFENDANTS' MOTION TO DISMISS (ECF No. 8)**

   **A.   Pleading Standard**

As an initial matter, Plaintiffs' Opposition (ECF No. 16) relies on an incorrect pleading standard.   There are three problems with Plaintiffs' position.

First, Plaintiffs cite decisions from the State of Hawaii courts.   Hawaii state procedural laws are inapplicable.   Federal district courts apply federal procedural law.   Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938).   The Federal Rules of Civil Procedure govern the pleading standards in federal district court.

Second, the applicable pleading standard was set forth by the United States Supreme Court in Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).   A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.   Iqbal, 129 S.Ct. at 1949.

Third, claims alleging fraudulent business practices must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b).   Lizza v. Deutsche Bank Nat. Trust Co., 1 F.Supp. 3d 1106, 1121 (D. Haw. 2014).   Rule 9(b) requires a party asserting a fraud claim to "state with particularity the

circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The claim must be accompanied by the "who, what, when, where and how" of the misconduct charged. <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citation and quotation marks omitted).

At the hearing on October 17, 2016, the Court discussed with Plaintiffs' attorney Stuart Ragan the standard for pleading in federal court pursuant to <u>Iqbal v. Ashcroft</u>, 129 S.Ct. 1937, 1949 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The Court inquired as follows:

Court:    Have you been instructed previously, Mr. Ragan, that you have to follow <u>Twombly</u> and <u>Iqbal</u>?

Ragan:    No, Your Honor, I don't believe so.

Court:    You have not had a motion to dismiss granted based on lack of particularity?

Ragan:    I would have to go through that, Your Honor, and I don't want to say, obviously with all of the cases, I want to be absolutely accurate.

Review of the records from the District Court for the District of Hawaii demonstrate that Attorney Ragan has appeared in 23 different cases in federal court either by filing a complaint in federal court or by removal. Each case involved similar lawsuits involving foreclosure and the mortgage loan industry.

Attorney Ragan has been put on notice in <u>nine</u> separate orders issued by various judges from the District Court of the

District of Hawaii that his pleadings were deficient and that complaints that he drafted failed to meet the pleading standard set forth in Iqbal, 129 S.Ct. 1937 and Twombly, 550 U.S. 544.

See Doronio v. OneWest Bank FSB, Order Dismissing Complaint, Civ. No. 10-00698 JMS-LK, Dkt. Entry 4, dated November 30, 2010;

Bridge v. Flagstar Bancorp, Inc., Order Granting Defendant's Motion to Dismiss, Civ. No. 11-00035 DAE-BMK, Dkt. Entry 23, dated October 3, 2011;

Borowiec v. Deutsche Bank Nat'l Trust Co., Order Granting Defendants' Motion to Dismiss, Civ. No. 11-cv-00094 DAE-KSC, 2011 WL 2940489, *2 (D. Haw. July 19, 2011);

Medeiros v. BAC Home Loans Servicing, LP, Order Granting Motion to Dismiss, In Part, Civ. No. 11-00205 LEK-KSC, Dkt. Entry 27, dated July 13, 2011;

Boyd v. Federal Home Loan Mortgage Corp., Order Granting Defendants' Motion to Dismiss, Civ. No. 11-00320 ACK-BMK, Dkt. Entry 20, dated August 10, 2011;

Conley v. Bank of New York Mellon Corp., Order Granting Defendants' Motion to Dismiss, Civ. No. 11-00582 DAE-BMK, 2012 WL 406911, *2 (D. Haw. Feb. 7, 2012);

Haro v. Bank of New York Mellon Corp., Order Granting Defendants' Motion to Dismiss, In Part, Civ. No. 11-00604 LEK-BMK, 2012 WL 912924, *3 (D. Haw. March 16, 2012);

<u>Burkitt v. Bank of America, N.A.</u>, Order Granting Defendants' Motions to Dismiss, Civ. No. 12-00442 ACK-KSC, Dkt. Entry 39, dated June 3, 2013;

<u>Cablay v. Bank of America, N.A.</u>, Order Granting Motion to Dismiss Complaint, Civ. No. 12-00648 JMS-KSC, 2013 WL 1789770, *2 (D. Haw. April 26, 2013).

Attorney Ragan is put on notice that further deficient filings may result in sanctions pursuant to Federal Rule of Civil Procedure 11.  See <u>Ragan v. Finance America, LLC</u>, Civ. No. 2010 WL 4961487, *5 (D. Haw. Nov. 30, 2010) (finding Attorney Stuart Ragan's motion was "spurious and a waste of the court's and parties' time"); <u>Medeiros v. BAC Home Loans Servicing, LP</u>, Civ. No. 11-00205 LEK-KSC, Dkt. Entry 40 at pp. 8-11, dated Sept. 22, 2011) (finding that Attorney Stuart Ragan failed to comply with the previous Court order).

**B.   Plaintiffs' Claim for Breach of Implied Covenant of Good Faith and Fair Dealing Pursuant to Haw. Rev. Stat. § 490:1-304**

**(Referenced in Plaintiffs' Prayer for Relief as Count I)**

Plaintiffs contend that Defendants violated Section 490:1-304 of the Hawaii Revised Statutes.  (Complaint at ¶¶ 52, 64-82, ECF No. 1).  The statute cited by Plaintiffs is found in the Hawaii Revised Statutes, Chapter 490, entitled "Uniform Commercial Code."

14

Haw. Rev. Stat. § 490:1-304 provides:

**Obligation of good faith.**
Every contract or duty within this chapter imposes an
obligation of good faith in its performance and
enforcement.

Plaintiffs attempt to invoke Haw. Rev. Stat. § 490:1-304 to
assert a claim of "bad faith."  See Best Place v. Penn. Am. Ins.
Co., 920 P.2d 334, 342 (Haw. 1996).  Hawaii law recognizes that
every contract contains an implied covenant of good faith and
fair dealing that neither party will do anything that will
deprive the other of the benefits of the agreement.  Id.  Breach
of the implied covenant of good faith is not its own cause of
action but merely part of a breach of contract analysis.
Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A., 459
F.Supp.2d 1028, 1037 (D. Haw. 2006).

Review of the Comments to Official Text for Section 490:1-
304 demonstrates that Section 490:1-304 does not provide an
independent cause of action to enforce the implied covenant of
good faith and fair dealing.  Comment 1 states, as follows:

This section sets forth a basic principle running
throughout the Uniform Commercial Code.  The principle
is that in commercial transactions good faith is
required in the performance and enforcement of all
agreements or duties....

This section does not support an independent cause of
action for failure to perform or enforce in good faith.
Rather, this section means that a failure to perform or
enforce, in good faith, a specific duty or obligation
under the contract, constitutes a breach of that
contract or makes unavailable, under the particular
circumstances, a remedial right or power.  This

15

> distinction makes it clear that a doctrine of good faith merely directs a court towards interpreting contracts within the commercial context in which they are created, performed, and enforced, and does not create a separate duty of fairness and reasonableness which can be independently breached.

Comments to Official Text 1, Haw. Rev. Stat. § 490:1-304.

Hawaii federal district courts have regularly held that Section 490:1-304 does not provide a basis for a plaintiff to sue for damages or to set aside a Note or a Mortgage in the context of a mortgage loan contract.  Au v. Republic State Mortgage Co., 2012 WL 3113147, at *10 (D. Haw. July 31, 2012) (citing Mazan v. Bank of Am., 779 F.Supp.2d 1140, 1147 (D. Haw. 2011)).

Even if such a cause of action existed, Plaintiffs have failed to allege sufficient facts to establish a claim based on the implied covenant of good faith and fair dealing.  Long v. JP Morgan Chase Bank, Nat'l Ass'n, Civ. No. 10-00046 DAE-KSC, 848 F.Supp.2d 1166, 1180 (D. Haw. 2012);  Hoilien v. Bank of Am., Civ. NO. 10-00761 DAE-KSC, 2011 WL 3494523, *4 (D. Haw. Aug. 10, 2011).

Plaintiffs have failed to make allegations as to the specific contractual relationship that they have with the two separate Defendants.  Long, 848 F.Supp.2d at 1180.  The Complaint suggests that there was no contractual relationship between Plaintiffs and Defendant Ocwen Loan Servicing as it is alleged that Defendant Ocwen Loan Servicing was the loan servicer and not a party with any contractual privity to the Plaintiffs.

16

See Conder v. Home Sav. of Am., 680 F.Supp.2d 1168, 1174 (C.D. Cal. 2010) (finding that plaintiff failed to state a claim for breach of contract against the loan servicer because there was no contractual privity).

Plaintiffs make conclusory allegations that both Defendants acted in bad faith, exercised poor business judgment, failed to fulfill their obligations under the contract, failed to correct errors in Plaintiffs' account, instructed Plaintiffs to default on payments, failed to respond to written requests, charged interest off inaccurate principal balances, and charged fraudulent fees. (Complaint at ¶¶ 50, 53-56, 66-67, 78, ECF No. 1). Plaintiffs' laundry list of acts allegedly conducted by Defendants fails to state a claim. Anderson v. Central Pacific HomeLoans, Inc., 2011 WL 3439939, *6-*7 (D. Haw. Aug. 8, 2011). Plaintiffs allegations do not provide the time, place, and specific content of any of the alleged wrongs of the Defendants. Dias v. Fed. Nat'l Mortg. Ass'n, 990 F.Supp.2d 1042, 1059 (D. Haw. 2013); Anderson, 2011 WL 3439939, at *6-*7.

Defendants' Motion to Dismiss as to Plaintiffs' Claim for Breach of Implied Covenant of Good Faith and Fair Dealing is **GRANTED WITH PREJUDICE.**

**C.    Plaintiffs' Claim for Tortious Breach of Implied Covenant of Good Faith and Fair Dealing**

**(Referenced in Plaintiffs' Prayer for Relief as Count II)**

Plaintiffs' Count II is missing from the Complaint along with a number of allegations as paragraphs 68-74 and 88-99 are not present.

Plaintiffs' Prayer for Relief asserts that Count II is for a tortious breach of the implied covenant of good faith and fair dealing regarding the Plaintiffs' mortgage.  (Complaint's Prayer for Relief at p. 29, ¶ 2, ECF No. 1).

Hawaii federal district courts have uniformly held that a tort cause of action for bad faith does not exist in the context of a mortgage loan contract.  Ramelb v. Newport Lending Corp., Civ. No. 12-00618 DKW-RLP, 2014 WL 229186, *3 (D. Haw. Jan. 14, 2014) (citing Jou v. Nat'l Interstate Ins. Co. Of Haw., 157 P.3d 561, 568 (Haw. App. 2007); Gray v. OneWest Bank, Fed. Sav. Bank, Civ. No. 13-00547 JMS-KSC, 2014 WL 3899548, *9 (D. Haw. Aug. 11, 2014); Tedder v. Deutsche Bank Nat. Trust Co., Civ. NO. 11-00083 LEK-KSC, 863 F.Supp.2d 1020, 1039 (D. Haw. 2012).

Defendants' Motion to Dismiss as to Plaintiffs' Claim for Tortious Breach of Implied Covenant of Good Faith and Fair Dealing is **GRANTED WITH PREJUDICE.**

**D.    Plaintiffs' Claim for Unfair and Deceptive Trade Practices Pursuant to Haw. Rev. Stat. § 480-2**

**(Referenced in Plaintiffs' Prayer for Relief as Count III)**

Plaintiffs allege that Defendants violated Hawaii's Unfair and Deceptive Trade Practices Act, Haw. Rev. Stat. § 480-2. Section 480-2 of the Hawaii Revised Statutes prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.  Haw. Rev. Stat. § 480-2(a).  A consumer brings a unfair and deceptive trade practice ("UDAP") claim pursuant to Haw. Rev. Stat. § 480-13(b).

In order to state a UDAP claim, the plaintiff must allege three elements:

(1)  a violation of Haw. Rev. Stat. 480-2;

(2)  injury to the plaintiff's business or property resulting from such violation; and,

(3)  proof of the amount of damages.

Lizza, 1 F.Supp.3d at 1121.

A practice is considered to be unfair if it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurous to consumers.  Bathazar v. Verizon Haw., Inc., 123 P.3d 194, 202 (Haw. 2005).  An act is deceptive when it is a material representation, omission, or practice, that is likely to mislead

19

reasonable consumers.  In re Kekauoha-Alisa, 674 F.3d 1083, 1091
(9th Cir. 2012).

A UDAP claim alleging fraudulent business practices must be
pled with particularity pursuant to Federal Rule of Civil
Procedure 9(b).  Smallwood v. Ncsoft Corp., 730 F.Supp.2d 1213,
1232 (D. Haw. 2010).  An injury resulting from a UDAP claim must
be "fairly traceable to the defendant's actions."  Agard v.
Deutsche Bank Nat. Trust. Co., 344 P.3d 358, *2 (Haw. App. 2015)
(citing Flores v. Rawlings Co., 177 P.3d 341, 355 n.23 (Haw.
2008)).

Plaintiffs claim that both Defendants Deutsche Bank and
Ocwen Loan Servicing engaged in unfair and deceptive acts.
(Complaint at ¶ 44, ECF No. 1).  Plaintiffs assert that both
Defendants "instructed the [Plaintiffs] to default in order to
qualify for a loan modification and then failed to mitigate
damages and offered an unaffordable loan modification with
payments higher than the original payment, and failing to correct
errors when requested."  (Id. at ¶ 86).  Plaintiffs claim that
Defendants' acts caused "excessive late fees and penalties,
interest on a higher principal amount, inspection fees when
services were never rendered, and legal fees and costs."  (Id. at
¶ 101).

Plaintiffs have failed to state a UDAP claim with sufficient
particularity.  A plaintiff must state the time, place and

specific content of the unfair and deceptive practice as well as the identities of the parties to the action.  Dias, 990 F.Supp.2d at 1059; Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988).  The circumstances constituting fraud must be "specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)).

Plaintiffs' conclusory allegations that do not specify the time, place, and specific content of the allegedly unfair and deceptive practice are insufficient to state a UDAP claim. Lowther v. U.S. Bank N.A., Civ. NO. 13-00235 LEK-BMK, 2014 WL 2452598, *3 (D. Haw. May 30, 2014).

Defendants' Motion to Dismiss as to Plaintiffs' Claim for Unfair and Deceptive Trade Practices is **GRANTED WITH LEAVE TO FILE A MOTION TO AMEND.**

**E.   Plaintiffs' Claim for Tortious Interference with Business Relations**

**(Referenced in Plaintiffs' Prayer for Relief as Count IV)**

Pursuant to Hawaii law, tortious interference with business relations involves conduct that is not directed at the plaintiff itself, but at a party with which the plaintiff has or seeks to

21

have a relationship.  <u>Kailua Local Cab, Inc. v. AJA Motors Corp.</u>,
257 P.3d 1219, 2011 WL 1334960, *11 (Haw. Ct. App. 2011).  To
state a claim for tortious interference with business relations,
a plaintiff must allege:

(1)   the existence of a valid business relationship or a
      prospective advantage or expectancy sufficiently
      definite, specific, and capable of acceptance in the
      sense that there is a reasonable probability of it
      maturing into a future economic benefit to the
      plaintiff;

(2)   knowledge of the relationship, advantage, or
      expectancy;

(3)   a purposeful intent to interfere with the relationship,
      advantage, or expectancy;

(4)   legal causation between the act of interference and the
      impairment of the relationship, advantage, or
      expectancy; and,

(5)   actual damages.

<u>Standard Register Co. v. Keala</u>, Civ. No. 14-00291 JMS-RLP,
2014 WL 3420785, *8 (D. Haw. July 11, 2014) (citing <u>Haw. Med.</u>
<u>Ass'n v. Haw. Med. Serv. Ass'n, Inc.</u>, 148 P.3d 1179, 1218 (Haw.
2006)).

Plaintiffs did not allege any facts demonstrating a
contractual relationship between themselves and any third party
with whom they seek to have a business relationship.  Plaintiffs
have not asserted that Defendants had knowledge of any such
relationship or any intent to interfere with such a relationship.

22

Defendants' Motion to Dismiss as to Plaintiffs' Claim for Tortious Interference with Business Relations is **GRANTED WITH LEAVE TO FILE A MOTION TO AMEND**.

**F.   Plaintiffs' Claim for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**

**(Referenced in Plaintiffs' Prayer for Relief as Count V)**

The Fair Debt Collection Practices Act ("FDCPA") was enacted to eliminate abusive debt collection practices by debt collectors and to protect consumers against debt collection abuse.  15 U.S.C. § 1692(e); Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1207 (9th Cir. 2013).

Plaintiffs' Complaint does not assert which provision of the FDCPA Defendants allegedly violated.  To be liable for violating any provision of the FDCPA, a defendant must be a "debt collector" within the meaning of the statute.  Heintz v. Jenkins, 514 U.S. 291, 292 (1995).

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Courts have consistently interpreted that definition to hold that the FDCPA does not apply

to mortgage servicing companies or assignees of the mortgage debt if the debt was not in default at the time the debt was obtained. <u>Christie v. Bank of New York Mellon, N.A.</u>, 617 Fed. Appx. 680, 683 (9th Cir. 2015); <u>Bailey v. Sec. Nat'l Servicing Corp.</u>, 154 F.3d 384, 387 (7th Cir. 1998); <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197, 1208 (5th Cir. 1985); <u>Klohs v. Wells Fargo Bank, N.A.</u>, 901 F.Supp.2d 1253, 1258 (D. Haw. 2012); <u>Fed. Nat'l Mortg. Ass'n v. Kamakau</u>, 2012 WL 622169, at *8 (D. Haw. Feb. 23, 2012) ("original lenders, creditors, mortgage servicing companies, and mortgage brokers generally do not qualify as debt collectors under the FDCPA").

Plaintiffs have not alleged any facts that demonstrate that either Defendants' principal business purpose is collection of debt or collection of debt of another.  Plaintiffs did not allege any facts demonstrating the timing of when their Loan was in default.  It appears from the allegations in the Complaint that neither Defendant may qualify as a debt collector.  <u>Jara v. Aurora Loan Services</u>, 852 F.Supp.2d 1204, 1211 (N.D. Cal. 2012).

Defendants' Motion to Dismiss as to Plaintiffs' Claim pursuant to the Fair Debt Collection Practices Act is **GRANTED WITH LEAVE TO FILE A MOTION TO AMEND.**

## III. LEAVE TO FILE A MOTION TO AMEND

If Plaintiffs wish to proceed with their lawsuit, Plaintiffs must file a Motion for Leave to File an Amended Complaint before the Magistrate Judge on or before Wednesday, November 30, 2016. The Motion must set forth the legal basis for amendment and explain their compliance with the rulings in this Order. Plaintiffs shall attach their Proposed Amended Complaint to their Motion.

Any Proposed Amended Complaint must contain sufficient factual detail, including the time, place, and specific content of any of the alleged wrong acts by the Defendants, in order to state a plausible claim for relief pursuant to Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiffs must distinguish between the Defendants, and specifically identify which Defendant is alleged to have committed which wrongful acts.

At the hearing on October 17, 2016, Defendants moved to strike paragraphs ¶¶ 15-40 in Plaintiffs' Complaint as being irrelevant and immaterial. (Complaint at pp. 15-19, ECF No. 1). Plaintiffs must set forth the relevance and materiality of paragraphs ¶¶ 15-40 if they are included in any Proposed Amended Complaint.

Plaintiffs' counsel is put on notice that failure to comply with the rulings in this Order may result in sanctions pursuant

to Federal Rule of Civil Procedure 11.  <u>See</u> <u>Rey v. Countrywide</u>
<u>Home Loans, Inc.</u>, Civ. No. 11-00142 JMS-KSC, 2011 WL 4103704, *3
(D. Haw. Sept. 13, 2011) (sanctioning the plaintiff's attorney
for failing to comply with the court's order and by realleging
claims that were previously dismissed without leave to amend).

<u>CONCLUSION</u>

Defendant Ocwen Loan Servicing, LLC and Defendant Deutsche
Bank National Trust Company's Request for Judicial Notice (ECF
No. 8-2) is **GRANTED**.

Defendant Ocwen Loan Servicing, LLC and Defendant Deutsche
Bank National Trust Company's Motion to Dismiss (ECF No. 8) is
**GRANTED WITH LEAVE TO FILE A MOTION TO AMEND.**

Plaintiffs' claims are dismissed as follows:

(Count I)       Plaintiffs' Claim for Breach of Implied
                Covenant of Good Faith and Fair Dealing is
                **DISMISSED WITH PREJUDICE;**

(Count II)      Plaintiffs' Claim for Tortious Breach of
                Implied Covenant of Good Faith and Fair
                Dealing is **DISMISSED WITH PREJUDICE;**

(Count III)     Plaintiffs' Claim for Unfair and Deceptive
                Trade Practices is **DISMISSED WITH LEAVE TO
                FILE A MOTION TO AMEND;**

(Count IV)      Plaintiffs' Claim for Tortious Interference
                with Business Relations is **DISMISSED WITH
                LEAVE TO FILE A MOTION TO AMEND;** and,

(Count V)        Plaintiffs' Claim pursuant to the Fair Debt Collection Practices Act is **DISMISSED WITH LEAVE TO FILE A MOTION TO AMEND**.

Plaintiffs may file a Motion for Leave to File an Amended Complaint before the Magistrate Judge on or before Wednesday, November 30, 2016.  The Proposed Amended Complaint must conform to the rulings contained in this Order.

Failure to file a Motion for Leave to File an Amended Complaint on or before Wednesday, November 30, 2016, will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 25, 2016.

Helen Gillmor
United States District Judge

Merlita Agbannaoag;Jerry Agbannaoag;  v. Ocwen Loan Servicing, LLC; Deutsche Bank National Trust Company; John Does 1-10; Jane Does 1-10; Doe Partnerships 1-10; Doe Corporations 1-10; Doe Entities 1-10; and Doe Governmental Units 1-10; Civ. No. 16-0394 HG-RLP; **ORDER GRANTING DEFENDANTS OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S REQUEST FOR THE COURT TO TAKE JUDICIAL NOTICE (ECF No. 8-2) and GRANTING DEFENDANTS OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION TO DISMISS (ECF No. 8)**